IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Linwood Bernard Sawyer,                )
    Petitioner,                          )
                                         )
v.                                     )    1:13cv749 (TSE/TCB)
                                         )
Harold W. Clarke,                      )
    Respondent.                          )

## MEMORANDUM OPINION

Linwood Bernard Sawyer, a Virginia inmate proceeding pro se, has filed a petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction

for possession with the intent to distribute cocaine in the Circuit Court for the City of

Chesapeake, Virginia. On August 29, 2013, respondent filed a Rule 5 Answer along with a

Motion to Dismiss and supporting brief and exhibits. Petitioner was given the opportunity to file

responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has

filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that

follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed.

## I. Background

On April 13, 2009, a jury convicted petitioner of one count of possession with intent to

distribute cocaine, third offense in the City of Chesapeake Circuit Court. CR07495200. The

Jury sentenced petitioner to 17 years of imprisonment. Petitioner appealed his conviction to the

Court of Appeals of Virginia, arguing that (1) the court erred in failing to appoint an expert to

review and evaluate the physical evidence; (2) the court erred in admitting expert witness

testimony by Detective Kiley; and (3) the evidence was insufficient to show he constructively

possessed the cocaine. The Court of Appeals of Virginia denied the petition for appeal on

September 28, 2010. R. No. 2403-09-1. Petitioner's request for further appeal was denied by

the Supreme Court of Virginia on January 28, 2011. R. No. 100880.

On January 11, 2012, petitioner timely filed a <u>pro se</u> petition for a writ of habeas corpus in the Circuit Court for the City of Chesapeake, alleging five claims of ineffective assistance of counsel. On May 22, 2012, the Circuit Court for the City of Chesapeake dismissed his state habeas petition. R. No. CL12-147. By Order dated December 14, 2012, the Supreme Court of Virginia dismissed petitioner's appeal of his state habeas petition. R. No. 121447.

On June 4, 2013,[1] petitioner timely filed the instant federal habeas petition raising the following ineffective assistance of counsel claims:

> (1) Counsel was ineffective for failing to press his claim on appeal that the trial court erred in admitting a copy of the certificate of analysis into evidence that was not redacted.

> (2) Counsel was ineffective for failing to preserve an objection to the admissibility of evidence that petitioner alleges denied him his Sixth Amendment right to cross-examine witnesses.

> (3) Counsel was ineffective for failing to file a motion for new trial, pursuant to <u>Melendez-Diaz v. Massachusetts</u>.

> (4) Counsel was ineffective for failing to "effectively" cross-examine the Commonwealth's witness that gave testimony that was in direct conflict with other witnesses "and were, therefore, inherently incredible."

> (5) Counsel was ineffective for eliciting prejudicial testimony on an ultimate issue of fact from a Commonwealth's witness whose testimony was riddled with inflammatory and improper comments which invaded the province of the jury.

It is undisputed that these claims are identical to those raised in petitioner's state habeas petition. Therefore, petitioner's claims are exhausted for purposes of federal habeas review.

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Here, petitioner certifies he delivered his petition to prison officials for mailing on June 4, 2013. <u>See</u> Pet. at 13, ECF No.1

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

Petitioner's claims all allege ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of

professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice.

The Supreme Court of Virginia refused further review of petitioner's state habeas petition by its January 28, 2011 order. Because the Circuit Court for the City of Chesapeake's order was the last reasoned state court decision on petitioner's claims, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v.

Nunnemaker, 501 U.S. 797, 806 (1991). As such, only the Circuit Court for the City of Chesapeake's Order is reviewed below.

Claim 1:

In claim 1, petitioner alleges appellate counsel rendered ineffective assistance because counsel failed to pursue petitioner's claim that the trial court erred in admitting into evidence a "certificate of analysis" that had not been redacted. Petitioner argues that this created a "prejudicial effect caused by admitting the unredacted certificate, outweighed the probative value of the evidence and was error for the trial court not to do so." Pet. Attach. at 7-8. When the petitioner raised this claim in his state habeas petition, the Circuit Court for the City of Chesapeake ruled as follows:

> Counsel's choice of which issues to raise on appeal is virtually unassailable. See Jones v. Barnes, 463 U.S. 745 (1983) (counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant); Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel decides what questions should be raised on appeal). This is true because "appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). "The attorney need not advance every argument, regardless of merit, urged by the appellant and must play the role of an active advocate." Fitzgerald v. Bass, 6 Va. App. 38, 56, 366 S.E.2d 615, 625 (1988) (quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985)) (emphasis added). As Sawyer plainly recognizes, the claim he would have appellate counsel advance was defaulted because, in fact, there was not a contemporaneous objection to the apparent failure to redact information from the Certificate of Analysis. See Rule 5A:18. "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, S28 U.S. 2S9, 288 (2000) (emphasis added). Although it is possible to bring a Strickland claim based on counsel's failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Id. Here, the claim was procedurally defaulted pursuant to Rule SA: 18. The Court finds appellate counsel was not constitutionally deficient for not asserting a defaulted claim on appeal.

Moreover, Sawyer has not demonstrated prejudice because the ends of justice exception would not apply to Sawyer's case to excuse the default.

> The ends of justice exception is narrow and is to be used sparingly, and only when a trial court error is clear, substantial and material. In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred. In examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.

> Byrd v. Commonwealth, 55 Va. App. 742, 761, 689 S.E.2d 769, 778 (2010) (citations and internal quotations omitted). Sawyer has not identified any record evidence that affirmatively establishes his innocence and neither does he contend that the conduct proved was not criminal. Under these circumstances, any invocation of the ends of justice exception would have been unavailing. See id.; see also Delaney v. Commonwealth, 55 Va. App. 64, 68, 683 S.E.2d 834, 836 (2009) ("We will not invoke the exception if the record suggests that the Commonwealth merely inadvertently or unknowingly failed to adduce adequate proof of an element of the offense . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur."). Because the issue Sawyer asserts was defaulted and Sawyer has not demonstrated he could overcome the default, there is not a reasonable probability of a different outcome had appellate counsel raised the claim on appeal. Claim (1) is dismissed because Sawyer has not met his burden to prove both prongs of the Strickland test.

Sawyer v. Clark, R. No. CL12-147 (May 22, 2012).

The state properly held that counsel reasonably could have discarded the procedurally defaulted claim in deciding which issues to pursue. See Jones v. Barnes, 463 U.S. 745 (1983). Accordingly, the ruling by the state court was not contrary to or based on an unreasonable application of established federal law, nor was it based on an unreasonable interpretation of the

facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). Thus, claim 1 must be dismissed from this petition.

<u>Claim 2</u>:

In his second claim, petitioner asserts that trial counsel was ineffective for failing to preserve an objection to the admission of evidence which he alleges deprived him of his right to confront the witness responsible for detailing the conclusions in the certificate of analysis and responsible for the addition of a "bag added at lab." Pet. Attach. at 14. When petitioner raised this claim in his state habeas petition, the Circuit Court for the City of Chesapeake dismissed it, explaining:

> "Counsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another." <u>Williams v. Kelly</u>, 816 F.2d 939, 950 (4th Cir. 1987). The record demonstrates and the Court finds that Commonwealth's theory of the case was Sawyer agreed to sell a cooperating witness drugs, arrived at the witness's home at the appointed time and discarded "two small rocks of crack cocaine" as the arresting officer approached. Sawyer's theory of defense was not that the substance the police recovered from the ground was not cocaine or that the weight reported in the certificate of analysis was inaccurate; rather, his theory was that he never agreed to sell cocaine, he went to the cooperating witness's home to collect a paycheck and he did not discard any cocaine when the police approached him. Under these circumstances, counsel's performance was not deficient because a demand for the forensic analyst would not have shed any light on Sawyer's theory of defense.
>
> Furthermore, the record makes clear and the Court finds Sawyer actively participated in pursing this trial strategy. "Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." <u>United States v. Weaver</u>, 882 F.2d 1128, 1140 (7th Cir. 1989); <u>United States v. Williams</u>, 631 F.2d 198, 204 (3d Cir. 1980) (no ineffective assistance of counsel where defendant ultimately concurred in his trial counsel's tactical decision). "To allow that would be to exempt defendants from the consequences of their actions at trial and would debase the right to effective assistance of counsel enshrined in the sixth amendment." <u>Weaver</u>, 882 F.2d at

1140. Thus, the Court finds counsel's performance was not deficient for this additional reason.

Finally, the Court finds there is no probability of a different outcome at trial had counsel made the objection Sawyer urges here. Ultimately, the jury had to determine whether it believed Sawyer's claims regarding: (i) the purpose and content of the telephone conversation between him and the cooperating witness; and (ii) what of the items the police recovered from the ground were in his possession when the police approached him. Even a successful objection on the grounds Sawyer now urges could not have altered the outcome because they are not addressed to the issues the jury was called upon to decide. The Court holds Sawyer has not met his burden under <u>Strickland</u> and claim (2) is dismissed.

<u>Sawyer</u>, R. No. CL12-147 (May 22, 2012).

Based on this record, counsel's decision not to object was not "outside the range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 688. Therefore, the Supreme Court of Virginia's sensible rejection of these contentions was neither contrary to, nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable interpretation of the facts. <u>Williams</u>, 529 U.S. at 412-13. Thus, claim 2 must be dismissed from this petition.

<u>Claim 3:</u>

In his third claim, petitioner asserts that trial counsel was ineffective for failing to submit a Motion for a New Trial pursuant to <u>Melendez-Diaz v. Massachusetts</u>. Petitioner argues that this resulted in counsel's failing to (1) protect petitioner's Sixth Amendment rights under the Confrontation Clause and (2) to preserve the matter for appeal. Pet. Attach. at 21. When petitioner raised this claim in his state habeas petition, the Circuit Court for the City of Chesapeake dismissed it, explaining:

As with most trial rights, the Sixth Amendment right to confrontation can be waived, and whether or not to waive the right is a matter of trial tactics vested with counsel rather than the defendant. See <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305, 328, 129 S. Ct. 2527, 2542 (2009) (noting the strategic nature of

8

the decision and observing that "[d]efense attorneys and their clients will often stipulate to the nature of the substance in the ordinary drug case. It is unlikely that defense counsel will insist on live testimony whose effect will be merely to *highlight* rather than cast doubt upon the forensic analysis.") (emphasis added). The Court finds Sawyer's defense centered on his denial that he had arranged a drug transaction with the cooperating witness and his further denial that he ever possessed the cocaine the police recovered. The defense was *not* that the forensic analysis was unreliable (as to substance or weight). Under these circumstances, the Court finds counsel made a reasonable tactical decision that such a motion was unnecessary. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous motions); cf. Correll v. Commonwealth, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987) (holding counsel had no duty to object to admission of presentence report because it was admissible).

The Court further finds there is not a reasonable probability of a different outcome had counsel interposed such a motion. Sawyer has not made any showing that such a motion would have been granted. The Court finds such a motion would have been denied because Melendez-Diaz rested on existing precedent that could have been, but was not, asserted at trial. As Briscoe and Cypress v. Virginia, 130 S. Ct. 1316 (2010) and Cypress v. Commonwealth, 280 Va. 305, 699 S.E.2d 206 (2010) make clear, Sawyer could have raised the legal, Crawford-based, objection at his 2009 trial. Moreover, even if the motion had been granted, in light of the issues the jury was called upon to decide, there is not a reasonable probability of a different outcome had the jury heard from the forensic analyst. For all these reasons, the Court finds Sawyer has not met his burden under Strickland to establish both deficient performance and prejudice and claim (3) is dismissed.

Sawyer, R. No. CL12-147 (May 22, 2012).

In Melendez-Diaz v. Massachusetts, the Court held that analysts' certificates of analysis were affidavits that "fall within the core class of testimonial statements" covered by Confrontation Clause. 557 U.S. 305, 310 (2009) (internal quotations and citations omitted). As such, the Sixth Amendment guarantees defendants the right to confront and cross-examine the analysts who made the certificates. Id. at 310-311.

Here, petitioner bases his Sixth Amendment claim solely on the Supreme Court's holding in Melendez–Diaz. Petitioner, however, has failed to recognize that the Melendez–Diaz holding

has not been "made retroactively applicable to cases on collateral review." Walker v. Johnson,
No. 2:10CV548, 2011 WL 2119260, at *4 (E.D. Va. Apr. 19, 2011) (quoting 28 U.S.C. §
2244(d)(1)(C)); see also Mitchell v. Kelly, No. 4:09–CV–2845, 2011 WL 2579784, at *8 n. 2
(N.D. Ohio June 29, 2011) ("Melendez–Diaz does not establish a new 'watershed' procedural
rule implicating 'the fundamental fairness and accuracy of the criminal proceeding' so as to
warrant retroactive application." (citing Teague v. Lane, 489 U.S. 288, 301 (1989))); Adams v.
United States, No. 09–6152(GEB), 2011 WL 1792562, at *3 (D.N.J. May 10, 2011) ("Crawford
is not retroactive, and where the [Supreme] Court stated that Melendez–Diaz was essentially an
application of Crawford, there is nothing to suggest that Melendez–Diaz should be applied
differently." (citing Whorton v. Bockting, 549 U.S. 406, 421 (2007))). For that reason, the state
courts' rejection of petitioner's argument was neither contrary to nor an unreasonable application
of the controlling federal law because the Supreme Court of Virginia did not "arrive[] at a
conclusion opposite to that reached by [the United States Supreme] Court on a question of law."
Williams, 529 U.S. at 413. Thus, the same result must be reached here. Williams, 529 U.S. at
412-13. As such, claim 3 must be dismissed from this petition.

Claim 4:

        In his fourth claim, petitioner asserts that trial counsel was ineffective for failing to cross-
examine "effectively" a Commonwealth witness, Edward Winkelspecht, whose testimony
conflicted with other witnesses' testimony. Petitioner argues that this denied him "his Sixth
Amendment right of confrontation which 'guarantees an accused the right to cross-examine
witnesses in criminal proceedings.'" Pet. Attach. at 24-25. When petitioner raised this claim in
his state habeas petition, the Circuit Court for the City of Chesapeake found it to be without
merit and dismissed it, explaining:

                Whether and how to examine a witness is quintessentially a matter

of trial tactics that may not be second-guessed on collateral review. Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978); Cardwell v. Netherland, 971 F. Supp. 997, 1022 (E.D. Va. 1997); see also United States v. Clayborne, 509 F.2d 473, 479 (D.C. Cir. 1974) ("knowing when not to cross-examine an adverse witness is the art of cross-examination at its highest"). Moreover, mere conflicts in the testimony between witnesses, even on material points, does not render a witness inherently incredible but simply creates a question for the jury. See Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009) (noting conflict in testimony and that resolution of that conflict was for the fact finder). Finally, the record demonstrates and the Court finds the premise upon which Sawyer bases his claim is incorrect. Detective Roberts testified that Detective Winklespect made the other officers aware of "some items on the ground near where Linwood Sawyer was taken into custody." (Tr. 4110/09 at 34). These items were: "a Chapstick container, car keys belonging to the Dodge Dakota, and two small rocks of suspected crack cocaine." (Tr. 4 l 10 l 09 at 34-35). For his part, Detective Winklespect testified that as he approached Sawyer, directing him to show his hands, Detective Winklespect saw "something white drop to the ground." (Tr. 4110109 at 98-99). Although he was "not 100 percent sure," Detective Winklespect thought Detective Roberts recovered the white item, which Detective Winklespect stated was cocaine, along with some keys. (Tr. 4/10/09 at 100-01). Thus, there was not an inconsistency between the officers' testimony. Under these circumstances, counsel's performance was not deficient.

In addition, Sawyer has not shown a reasonable probability of a different outcome at trial had counsel engaged in further or different cross-examination. At trial Sawyer fully litigated his contention that he did not possess the cocaine and that the cooperating witness or some other unknown person discarded the cocaine in the driveway. The jury rejected this possibility as unreasonable. Nothing in Sawyer's proposed cross-examination would have undermined that determination. Accordingly, the Court finds Sawyer has not met his burden under Strickland to establish both deficient performance and prejudice and claim (4) is dismissed.

Sawyer, R. No. CL12-147 (May 22, 2012).

It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation . . . are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable

professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d

220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91.

Here, petitioner's argument is wholly without merit. Though he argues he was denied the

right to cross-examine Winkelspecht, his own argument acknowledges that his trial counsel did

cross-examine Winkelspecht. While petitioner attempts to argue that his counsel's cross-

examination of Winkelspecht was not "effective" the relief petitioner seeks is foreclosed by the

reasoning of Coleman v. Ehompson and Maples v. Thomas - that the attorney is the prisoner's

agent and the principal bears the risk of his agent's negligent conduct. Coleman, 501 U.S. 722,

753 (1991); Maples, 132 S. Ct. 912 at 922. Thus, assuming without deciding that petitioner's

trial counsel did fail effectively to cross-examine Winkelspecht, petitioner still would be bound

by his attorney's cross-examination.

Further, petitioner offered no affidavits to demonstrate what favorable evidence or

testimony the allegedly missing testimony would have produced at his trial. The Supreme Court

of Virginia's denial of relief on petitioners's claim that counsel was ineffective for failing to

conduct further cross examination was thus both factually reasonable and in accord with

controlling federal authorities. Therefore, the same result must be reached here. Williams, 529

U.S. at 412 - 13. Because the state court's rejection of this claim was based on a reasonable

determination of the facts and was not contrary to the controlling federal law upon which it

expressly relied, that result may not be disturbed here. Williams, 529 U.S. at 412–13.

Therefore, this claim must be dismissed.

Claim 5:

In claim five, petitioner asserts that trial counsel was ineffective for eliciting testimony of

his prior criminal history and eliciting testimony upon "the ultimate issue of fact." Pet. Attach. at

26, 28. Petitioner argues that counsel was ineffective for failing to move for a limiting instruction

after a Commonwealth witness stated during cross-examination that petitioner "has two prior

histories of distribution of cocaine. We know that's a danger to society. Of course, we know it

being a distribution of cocaine to be a violent offense. [sic]" Pet. Attach. at 27 (quoting from

trial tr. 50-51). When petitioner raised this claim in his state habeas petition, the Circuit Court for

the City of Chesapeake dismissed it, explaining:

> The record demonstrates that during direct examination, Detective
> Roberts explained to the jury the investigation and arrest of Sawyer
> were what the officers referred to as a "buy-bust" transaction using
> an individual known to Sawyer to arrange the drug sale. On cross-
> examination, counsel asked Detective Sawyer why the police had
> determined to engage in a "buy-bust" given the potential danger to
> the community in a residential neighborhood. Detective Roberts
> responded that there were "numerous" reasons and began to
> explain them, including Sawyer's "two prior histories of
> distribution of cocaine. We know that's a danger to society. Of
> course, we know it being a distribution of cocaine to be a violent
> offense. We also deem that he's got a felony-habitual offender
> driving record. We didn't want–" At this point, counsel objected
> and asked the court to strike the testimony, which counsel
> characterized as "extremely prejudicial." The Court expressly
> instructed the jury they were "not to consider what the officer has
> said" without any qualification. "A jury is presumed to follow the
> court's instructions, and an appellant who challenges a verdict
> bears the burden of rebutting that presumption." Centra Health,
> Inc. v. Mullins, 277 Va. 59, 81, 670 S.E.2d 708, 720 (2009). In
> light of the Court's unqualified instruction, there was no need for
> counsel to request a limiting or cautionary instruction because the
> trial court gave it sua sponte. Cf. Correll v. Commonwealth, 232
> Va. 454, 470, 352 S.E.2d 352, 361 (1987) (holding counsel had no
> duty to object to admission of presentence report because it was
> admissible); see also Moody v. Polk, 408 F.3d 141, 151 (4th Cir.
> 2005) (holding counsel not required to file frivolous motions).
> Furthermore, nothing in the record indicates the jury did not follow
> this categorical instruction. The Court finds counsel's performance
> was not deficient and Sawyer has not met his burden to
> demonstrate any prejudice in light of the court's instruction.
>
> The Court further finds Detective Roberts did not testify to "an
> ultimate issue of fact" in this case. To prove possession of cocaine
> with intent to distribute, the Commonwealth had to prove to the
> satisfaction of the jury: that the defendant's possession of the drug
> was knowing and intentional, with knowledge of its nature and

character. Ervin v. Commonwealth, 57 Va. App. 495, 504, 704 S.E.2d 135 (20 11). In addition, "[a]bsent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence." Holloway v. Commonwealth, 57 Va. App. 658, 666, 705 S.E.2d 510, 514 (2011). These circumstances may include any one or more of the following: 1) packaging; 2) quantity; 3) presence or absence of drug paraphernalia for personal use; 4) expert testimony; 5) a large amount of money; and 6) paraphernalia consistent with distribution. Id. at 666-67, 705 S.E.2d at 514 (collecting cases). Detective Roberts did not testify that Sawyer possessed the cocaine, he knew its nature and character or he intended to distribute it. Instead, Detective Roberts testified that: the cooperating witness had arranged a drug transaction with Sawyer; Sawyer arrived at the appointed time in the vehicle the officers expected him to be driving; and, after Sawyer's arrest, officers found a tube of Chapstick, the keys to Sawyer's car and "two small rocks of suspected crack cocaine" on the ground "near" where Sawyer was taken into custody. On cross-examination, Detective Roberts conceded the suspected crack cocaine was not "packaged" but was merely in a white tissue. Accordingly, the Court finds the record does not support Sawyer's factual contention that Detective Roberts gave testimony that invaded the province of the jury. Therefore, counsel's performance was not deficient.

The Court further finds that because Sawyer was charged with third offense possession with intent to distribute, the Commonwealth was charged with proving his prior drug convictions as a substantive part of the charge. See Code § 19.2-248(C1); cf. Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006) (proof of a defendant's prior predicate convictions admissible during guilt phase of trial to establish liability for enhanced punishment). Thus, any reference to Sawyer's prior drug convictions was necessarily harmless because the Commonwealth was required to prove the prior offenses. Given the facts of the case, the Court finds there is not a reasonable probability of a different outcome even if counsel had interposed an additional objection or sought and received a further limiting instruction. Accordingly, the Court finds Sawyer has not met his burden under Strickland to establish both deficient performance and prejudice and claim (5) is dismissed.

Sawyer, R. No. CL12-147 (May 22, 2012).

The Virginia Supreme Court accurately stated that petitioner's prior conviction was an element of an offense and evidence of it was admissible at trial. See Bright v. Com., 31 Va. App.

488, 494 (Va. App. 2000) (requiring each offense of distributing cocaine to be proved by competent evidence when charging distribution of cocaine as a second offense). As such, any motion for a limiting instruction by counsel would have been futile. As counsel is not ineffective for failing to make a futile motion, see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005), the Supreme Court of Virginia's result was neither contrary to, nor an unreasonable application of, clearly established federal law, Williams, 529 U.S. at 412-13. Thus, claim 5 must be dismissed from this petition.

### IV. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this _____ day of _____ March _____ 2014.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge